IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01359-BNB

TIMOTHY D. SAMPLES,

Applicant,

v.

R. WILEY, Warden,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 0 2 2008

GREGORY C. LANGHAM
                        CLERK

## ORDER OF DISMISSAL

Applicant Timothy D. Samples is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the Federal Prison Camp in Florence, Colorado. Mr. Samples initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. On July 15, 2008, Magistrate Judge Craig B. Shaffer ordered Respondent to file a Preliminary Response (Response) and address the affirmative defense of exhaustion of administrative remedies. Respondent filed a Preliminary Response on August 4, 2008, and Applicant filed a Reply on August 20, 2008.

The Court must construe the Application and the Reply liberally because Mr. Samples is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the Application is held to standards less stringent than those governing a formal pleading drafted by lawyers. *See id.* However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Application will be denied.

Mr. Samples is challenging the BOP's determination that he is not eligible to receive a sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B). Section 3621(e)(2)(B) provides that the BOP may grant a sentence reduction of up to one year to inmates convicted of nonviolent offenses who successfully complete the Residential Drug and Alcohol Abuse Program (RDAP). Mr. Samples further asserts that the BOP's decision to categorically deny early release to statutorily eligible prisoners who complete the RDAP is invalid as arbitrary, capricious, and an abuse of discretion and otherwise not in accordance with the law under 5 U.S.C. § 706(2)(A) of the Administrative Procedure Act. Mr. Samples contends that his claim was not addressed in **Lopez v. Davis**, 531 U.S. 230 (2001), in which the U.S. Supreme Court upheld the validity of the BOP rule that narrows the class of prisoners not eligible for early release, including, like Mr. Samples, those individuals who were given a gun enhancement at sentencing. Applicant concludes that exhaustion of the administrative remedies available to him is futile because he is challenging a BOP policy.

Respondent argues that Applicant's claim of futility does not excuse a lack of exhaustion, and the action, therefore, should be dismissed for failure to exhaust. (Resp. at 9.)

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. **See Williams v. O'Brien**, 792 F.2d 986, 987 (10th Cir. 1986). Mr. Samples is correct that the exhaustion requirement may be waived if exhaustion would be futile in this case. **See Fraley v. U.S. Bureau of Prisons**, 1 F.3d 924, 925 (9th Cir. 1993) (per curiam). The futility exception is quite narrow and has been applied by the Tenth Circuit only where a recent adverse determination disposing

2

of the precise point is raised by an applicant. *See Goodwin v. Oklahoma*, 923 F.2d 156, 157-58 (10th Cir. 1991) (holding that exhaustion of state remedies is not necessary where the state's highest court has explicitly and recently addressed the precise issue advanced by a petitioner).

Mr. Samples fails to convince the Court that exhaustion of administrative remedies would be futile in this case. He asserts that his challenge to the BOP's rule was not addressed in *Lopez*. Accordingly, there is not a recent adverse determination that disposes of the precise point which Mr. Samples is raising. An administrative remedy request would not be categorically denied by the BOP. He, therefore, has relief available to him through the BOP administrative remedy procedure.

Furthermore, to find, as Applicant suggests, that it is appropriate to waive exhaustion of his administrative remedies because "[he] will graduate from the RDAP in March 2009, which would likely predate the conclusion of the administrative process," is without basis. Applicant's claim is conclusory and insufficient to demonstrate that exhaustion would be futile. *See Mackey v. Ward*, 128 F. App'x 676, 677 (10th Cir. 2005) ("[C]onclusory allegations that pursuit of administrative remedies would be futile . . . are insufficient to excuse [a] failure to exhaust."). Mr. Samples provides no justification for his argument that it would take over seven months, from the date he filed his Reply to March 2009, to exhaust his administrative remedies.

The Court finds to the contrary that pursuant to 28 C.F.R. § 542.18 the administrative remedy procedure limits the time a prison staff member may take to respond to a prisoner's request or appeal. If a staff member does not respond within the time allotted for a reply the prisoner may consider the absence of a response to be

3

a denial at that level. *See* § 542.18. A warden is limited to twenty days to respond, a regional director is limited to thirty days, and the BOP general counsel is limited to forty days. § 542.18.

Mr. Samples fails to provide any basis for finding that exhaustion of the administrative remedy procedure would take such an inordinate amount of time that exhausting the remedies would not be complete before he may be entitled for an early release and such exhaustion, therefore, would be futile. Moreover, if Mr. Samples had initiated an inmate request on June 17, 2008, the day he submitted the instant action to this Court, he would have had at least eight months to exhaust his administrative remedies prior to March 2009. The fact that Mr. Samples now has lost some of the time available to him by choosing to seek judicial relief prior to exhausting administrative remedies does not alter the Court's conclusion that it is not futile for Applicant to exhaust his administrative remedies. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies.

DATED at Denver, Colorado, this / day of _____Oct_____, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01359-BNB

Timothy D. Samples
Reg. No. 08016-028
FPC - Florence
PO Box 5000
Florence, CO 81226-5000

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/2/08

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk